Melvin Heifetz and Arnold Levit, t/a Commodore Apartments, Plaintiffs *v.* Philadelphia State Hospital, A. S. Tornay, M.D. and Daniel Blain, M.D., Defendants.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Elizabeth M. McKenna,* with her *John J. O'Brien, Jr.,* for plaintiffs.

*Glenn Gilman,* Assistant Attorney General, with him *Michael Von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Hospital.

*Edwin L. Scherlis,* for defendants, Tornay and Blain.

OPINION BY JUDGE WILKINSON, December 11, 1975:

This case is an action for indemnity by Melvin Heifetz and Arnold Levit, trading as Commodore Apartments (plaintiffs), against Philadelphia State Hospital, a former superintendent of the institution and a psychiatrist in its employ (defendants). We must dismiss the action.

On June 7, 1974, a judgment in the amount of $175,000.00 was entered against plaintiffs, as defendants in a prior action, for the negligent hiring of one Sonny Daves as a maintenance man at the Commodore Apartments when they knew, or should have known, that Daves was dangerous, immoral and had perverted inclinations. Daves, following his hiring, had sexually assaulted a tenant of plaintiffs' apartment house. At the time of his hiring, Daves had recently been released from defendant Philadelphia State Hospital where he had been treated for approximately one month following civil commitment. While in the hospital, Daves was under the supervision of defendant A. S. Tornay, M.D., a psychiatrist employed by the institution. Defendant Daniel Blain, M.D., was the superintendent of the hospital at the time.

Plaintiffs brought this indemnity action against the defendants in the Court of Common Pleas of Philadelphia County, alleging defendants were grossly negligent and incompetent and acted without reasonable cause in discharging Daves from the hospital.[1] Preliminary objections raising lack of court jurisdiction and in the nature of a demurrer were filed by defendants grounded upon, *inter alia,* sovereign and conditional immunity. The case has now been transferred to this Court.

Suits may not be brought against the Commonwealth and its agencies without express legislative authorization. Pa. Const. art. I, §11; *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973). Thus, sovereign immunity has been held to protect Philadelphia State Hospital from suits based upon tortious actions. *McCoy v. Commonwealth,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973), *aff'd per curiam,* 457 Pa. 513, 326 A.2d 396 (1974).

Further, the immunity of the Commonwealth has been extended absolutely to its high public officials acting within the scope of their authority. *DuBree v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973). Specifically, the superintendent of Philadelphia State Hospital has been held a high public official and thus absolutely immune from civil liability arising from the exercise of his official duties.[2] *McCoy, supra.*

---

1. Plaintiffs aver that defendants by their conduct violated Sections 319-321 of the Restatement (Second) of Torts (1965) and provisions of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4101 *et seq.*; and breached express and implied warranties of competence to treat mental patients and implied warranties of the mental fitness and employability of Daves upon his release.

2. Dr. Blain erroneously contends that as superintendent of Philadelphia State Hospital he is protected only by conditional immunity.

The immunity moreover, has been attributed to employees of the Commonwealth who are not high public officials, conditioned, however, on their acting within the scope of their employment and not in an intentionally malicious, wanton or reckless fashion. *DuBree, supra.* Since Dr. Tornay is alleged to have acted within the scope of his employment and not in an intentionally malicious, wanton or reckless manner, he is protected by conditional immunity.

Plaintiffs, however, relying on Section 603 of the Mental Health and Mental Retardation Act of 1966 (Act of 1966), Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4603, contend that the defendants may not claim any immunity.

Section 603 provides:

> "No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or any thing done pursuant to the provisions of this act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; provided, however, that causes of action based upon gross negligence or incompetence shall not be affected by the immunities granted by this section."

Plaintiffs argue that Section 603 specifically permits suits against defendants based upon acts done in bad faith, falsely, corruptly, maliciously, without reasonable cause, or grossly negligent or incompetent. Thus, plaintiffs assert that the provision constitutes a waiver of sovereign immunity as it applies to defendant hospital and as it extends to defendant doctors. We cannot agree.

The entire thrust of Section 603 is to grant immunity from civil and criminal liability to persons, organizations and agencies acting pursuant to the Act of 1966. The section does not create causes of action which would not exist otherwise in those specified instances where the immunity does not apply. Rather, the statute, in such

circumstances, merely withdraws its protection, allowing such cases to be controlled by existing law. Consequently, Section 603, instead of waiving sovereign immunity, actually provides an additional immunity to state agencies and their employees acting pursuant to the Act of 1966.

In the present case, plaintiffs allege defendants to have acted in a grossly negligent and incompetent fashion and without reasonable cause. Although such averments deprive defendants of the immunity provided by Section 603, they do not preclude Philadelphia State Hospital, Dr. Blain and Dr. Tornay from claiming, respectively, sovereign immunity, absolute immunity and conditional immunity.[3] Since we decide the case on this ground, we need not consider defendants' other contentions raised in their preliminary objections.[4]

Accordingly, we enter the following

ORDER

Now, December 11, 1975, the preliminary objections of Philadelphia State Hospital, Dr. Daniel Blain and Dr. A. S. Tornay, raising lack of court jurisdiction and in the

---

3. Contrary to plaintiffs' position, this conclusion is still viable despite the recent case of *Specter v. Commonwealth*, Pa. , 341 A.2d 481 (1975), in which the Pennsylvania Turnpike Commission was held not a part of the Commonwealth because of the State's explicit nonliability for any financial obligations of the Commission. Thus, the Commission could not claim sovereign immunity. However, Philadelphia State Hospital, unlike the Turnpike Commission, is by definition a State institution within the Department of Public Welfare and is supported and funded by appropriations to that Department. Act of April 9, 1929, P. L. 177, art. II, §202, *as amended*, 71 P. S. §62; Act of June 13, 1967, P. L. 31, art. III, §§301, 304, 62 P. S. §§ 301, 304. Accordingly, the hospital is part of the Commonwealth and able to share in the State's immunity.

4. Defendants also argue that plaintiffs' claim is barred by the applicable statute of limitations; fails to state a cause of action for indemnity; and is based upon warranties which do not exist in law.

nature of a demurrer, are hereby sustained, and the complaint of Melvin Heifetz and Arnold Levit, trading as Commodore Apartments, is hereby dismissed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent. Article I, Section 11 of the Constitution of Pennsylvania provides in part that "[s]uits may be brought against the Commonwealth *in such manner, in such courts and in such cases as the Legislature may by law direct.*" (Emphasis added.) And, as we recently stated in *Garrettson v. Commonwealth of Pennsylvania Liquor Control Board,* 22 Pa. Commonwealth Ct. 331, 332, 348 A.2d 453, 454 (1975), "[o]ur Supreme Court has repeatedly construed this . . . language as imposing a constitutional bar to suits against the Commonwealth and as reserving to the Legislature the prerogative to determine how and when this bar shall be lifted." (Citations omitted.)

I am constrained to say that the Legislature has exercised this prerogative by including the proviso in Section 603 of the Mental Health and Mental Retardation Act of 1966[1] that the normal constitutional immunity (as codified by the language of Section 603 which precedes the proviso) is waived in causes of action based upon gross negligence or incompetence. This is a clear legislative declaration of waiver of immunity as it relates to governmental or non-profit health and welfare organizations. It is precisely the type of legislative action contemplated by Article I, Section 11 whereby the Legislature may waive the immunity of the Commonwealth.

On this basis, I dissent.

Judge KRAMER joins in this Dissent.

---

1. Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4603.