Brazos Caronia, Plaintiff *v.* Herbert Greenfeder et al., Defendants. Philadelphia State Hospital, Additional Defendant.

Argued April 4, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

338

*Benedict A. Casey,* with him *Beasley, Hewson, Casey, Colleran and Stopford,* for plaintiff.

*Lise Luborsky,* with her *Earl T. Britt,* and *Duane, Morris & Heckscher,* for defendant.

*Stanley I. Slipakoff,* Assistant Attorney General, with him *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for additional defendant.

OPINION BY JUDGE CRUMLISH, JR., May 27, 1977:

While crossing Roosevelt Boulevard, Brazos Caronia (Plaintiff), a patient at Philadelphia State Hospital (Hospital), was struck by an automobile driven by Lee Steven Greenfeder (Defendant). Defendant contends that Plaintiff was allowed to leave the Hospital grounds unattended, although he was mentally deficient at the time, which constituted gross negligence by Hospital's employees and agents. Defendant joined Hospital as an additional defendant but Hospital, a Commonwealth institution asserting sovereign immunity, moved for judgment on the pleadings. Sovereign immunity is conferred by Article I, Section 11, of the Pennsylvania Constitution which states in part: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the legislature may by law direct." Plaintiff and Defendant acknowledge that Article I,

Section 11, would bar this action absent explicit legislative consent, but assert that the required consent was given by the legislature when it enacted Section 603 of the Mental Health and Retardation Act of 1966[1] (Act), which provides:

> No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or any thing done pursuant to the provisions of this act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; provided, however, that causes of action based upon gross negligence or incompetence shall not be affected by the immunities granted by this section.

This precise argument has been rejected by this Court in prior cases[2] (notwithstanding the assertion of this writer's position to the contrary), and moreover, this argument was recently rejected again by our Supreme Court in *Freach v. Commonwealth*, Pa. , 370 A.2d 1163 (1977). We must hold, therefore, that this action is barred by Article I, Section 11 of the Pennsylvania Constitution.

Absent a waiver of sovereign immunity by the legislature, an agency of the Commonwealth, such as Hospital, is generally immune from suits.[3] The Supreme Court has held that a waiver of immunity must be unqualifiedly explicit and that the language of Section 603 of the Act is not sufficient to operate as a waiver. The Court in *Freach, supra,* held:

---

[1] Act of October 20, 1966, Spec. Sess., P.L. 96, *as amended,* 50 P.S. §4603.

[2] *Freach v. Commonwealth*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976); *Heifetz v. Philadelphia State Hospital*, 22 Pa. Commonwealth Ct. 325, 348 A.2d 455 (1975).

[3] *See* Note 2 above, and *see also Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973).

[L]egislative authorization of suits against the Commonwealth is not to be inferred from language which less than clearly expresses an intent to subject the Commonwealth to suit. In Brown v. Commonwealth, 453 Pa. 566, 570, 305 A.2d 868, 869 (1973), for example, we rejected 'the notion that the existence of statutorily mandated public liability insurance evidences a legislative intent to reject sovereign immunity. . . .' While Section 603 is by its terms applicable to 'governmental' organizations or agencies, it does not name the Commonwealth as such; nor does it make reference to Article I, Section 11 of the Constitution or to sovereign immunity. Although the statutory language is concededly compatible with the nonexistence of sovereign immunity, it is equally consistent with the existence of the doctrine. We therefore conclude that the word 'governmental' refers to governmental bodies other than the Commonwealth itself and therefore that Section 603 does not constitute a legislative authorization of suits against the Commonwealth under Article I, Section 11. (Footnote omitted.)

Pa. at    , 370 A.2d at 1167-68.

Appellant also contends that Sections 113 and 114 of the Mental Health Procedures Act of July 9, 1976, P.L. 817, No. 143, Purdon's Pa. Legislative Service No. 5, 1976, to be enumerated as 50 P.S. §§7113 and 7114 (Procedures Act), provides a waiver of sovereign immunity. This is clearly not the case. The reasoning of the Supreme Court in *Freach, supra,* is controlling.

Section 114[4] of the Procedures Act is essentially similar to Section 603 of the Act, and for the same rea-

___

[4] Section 114 states:

Section 114. Immunity from Civil and Criminal Liability.

sons mentioned above in connection with Section 603 of the Act, cannot be construed as a waiver of immunity. Section 113[5] of the Procedures Act authorizes "actions requesting damages" but, like Section 603 of the Act, it does not name the Commonwealth as such, nor does it make reference to Article I, Section 11, of the Constitution or sovereign immunity. Indeed, Section 603 of the Act would have seemed to make a stronger argument for a waiver of sovereign immunity since, unlike the Procedures Act, it specifically included within its scope governmental organizations. Since the Supreme Court in *Freach* held that even the word "governmental" cannot be inferred to

---

(a) In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.

(b) A judge or a mental health review officer shall not be civilly or criminally liable for any actions taken or decisions made by him pursuant to the authority conferred by this act.

[5] Section 113 states:

Section 113. Rights and Remedies of Persons in Treatment.

Every person who is in treatment shall be entitled to all other rights now or hereafter provided under the laws of this Commonwealth, in addition to any rights provided for in this act. Actions requesting damages, declaratory judgment, injunction, mandamus, writs of prohibition, habeas corpus, including challenges to the legality of detention or degree of restraint, and any other remedies or relief granted by law may be maintained in order to protect and effectuate the rights granted under this act.

include the Commonwealth, it naturally follows that a statute which does not mention government or the Commonwealth, such as the Procedures Act, cannot be held to authorize suits against the Commonwealth. This is especially true since, as held in *Freach*, "legislative authorization is not to be inferred from language which less than clearly expresses an intent to subject the Commonwealth to suit."

Accordingly, we

## ORDER

AND Now, this 27th day of May, 1977, the motion for judgment on the pleadings by Philadelphia State Hospital, additional defendant, is granted and this action against it is hereby dismissed, and the case is transferred to the Court of Common Pleas of Philadelphia County for a determination of the liability of Defendants.