## Moore v. Eastern State School and Hospital

*Martin J. Heiligman,* for plaintiffs.
*Margaret E. Anderson,* for defendants.

BECKERT, *P.J.,* February 21, 1978 — The minor plaintiff was formerly an in-patient at the Eastern State School and Hospital, which is a State institution operating under the control of the Pennsylvania Department of Public Welfare. Plaintiffs' complaint in trespass alleges that defendant Harry Ludwig, a special education supervisor at that school, struck the minor plaintiff, causing him permanent injuries.

An Assistant Attorney General for the Commonwealth has filed preliminary objections to the complaint, alleging improper service and lack of jurisdiction, and demurring on the basis of sovereign and governmental immunity.

Service of process here is controlled by Pa.R.C.P. 2104(b), which provides that in an action commenced against an instrumentality of the Commonwealth service may be made ". . . at the office of the defendant and at the office of the attorney general by handing a copy of the . . . complaint . . . to the person in charge thereof." The return of service indicates that defendant Ludwig was personally served at the school and that at the same

time service was effected upon the school by handing to Ludwig as "person in charge for the time being" an additional copy of the complaint. We must view the sheriff's return, which is full and complete on its face, as conclusive upon the parties and we therefore cannot consider any extrinsic evidence which might contradict it: Shire v. Konick, 68 D. & C. 2d 325 (1974). Apparently there was no service made upon the Attorney General as required. However, it seems clear that actual notice of these proceedings was in fact communicated to his office, and where such technical non-compliance results in no disadvantage or prejudice it can be overlooked: Commonwealth, Department of Transportation v. Ambrosia, 24 Pa. Commonwealth Ct. 8, 354 A. 2d 257 (1976).

Defendants' immunity argument gives us more difficulty, because of our uncertainty as to the present status of the law. In recent years it has been well-established that a State hospital is deemed part of the Commonwealth and is thus able to claim sovereign immunity: Wallace v. Commonwealth, Department of Public Welfare et al., 32 Pa. Commonwealth Ct. 615, 380 A. 2d 930 (1977), and cases cited therein; Heifetz v. Philadelphia State Hospital, 22 Pa. Commonwealth Ct. 325, 348 A. 2d 455 (1975). Such immunity absolutely insulates the school in this instance from tort liability: Caronia v. Greenfeder et al., 30 Pa. Commonwealth Ct. 337, 374 A. 2d 741 (1977); Freach et al. v. Commonwealth et al., 23 Pa. Commonwealth Ct. 546, 354 A. 2d 908 (1976); Trulli v. City of Philadelphia et al., 23 Pa. Commonwealth Ct. 611, 353 A. 2d 502 (1976); Forney v. Harrisburg State Hospital, 18 Pa. Commonwealth Ct. 17, 336 A. 2d 709 (1975); DuBree, Jr., Exr. v. Commonwealth et al., 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530

(1973). It is the last of these cases (a case which originated before this court in 1972) which causes us to hesitate, since we understand that it has been taken up from the Commonwealth Court to the Supreme Court and we are patiently awaiting the outcome. Nevertheless, under existing case law we are bound to sustain the demurrer as to defendant Eastern State School and Hospital. We do so despite the fact that the immunity issue was improperly raised by way of preliminary objections instead of as new matter, since no objection was made to that procedural impropriety: Pa.R.C.P. 1030; Freach et al. v. Commonwealth et al., supra.

We are left with the question of whether this action should likewise be dismissed as to the individual defendant Ludwig. Our Supreme Court in the 1860's twice decided that public officials acting within the scope of their authority could not be held liable for the consequences of their acts unless it could be shown that they were motivated by malice: Burton v. Fulton, 49 Pa. 151 (1865); Yealy et al. v. Fink, 43 Pa. 212 (1862). As stated in Yealy at page 216: "[I]f a public officer acts maliciously or wantonly; if the work which he performs be done rather to injure a private individual than to discharge a public duty; he is responsible for the consequences." Various lower court cases have since focused upon this question (see the discussion in DuBree, Jr., Exr. v. Commonwealth et al., supra, at pages 572-573) and several years ago our Superior Court reaffirmed the existence of a form of immunity for public officials: Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973). The Commonwealth Court, consistent with those precedents, enunciated in DuBree at page 574:

"Upon a careful review and evaluation of these

precedents, it appears to us that the doctrines expounded in Burton, supra, and Yealy, supra, are still the law of Pennsylvania and must be adhered to by this Court, and, since we continue to credit the Commonwealth with sovereign immunity, it is still as true as it was in the 19th century that such immunity would be unvailing [sic] if there were not also some form of immunity granted to those officers and employees whom the Commonwealth must necessarily employ."

Accordingly, the appellate court ruled that a public official who (as here) was not a *high* public official could be found liable where it could be shown that he had not acted within the scope of his authority and that his conduct had been intentionally malicious, wanton or reckless. Since the allegations in DuBree amounted to no more than ordinary negligence, the lower court's order dismissing the complaint as to the individual defendants was affirmed. Similar statements of the law were thereafter made by the Commonwealth Court in the aforementioned Heifetz, Freach and Forney cases.

Without belaboring this issue further, it appears to us that we now have no basis upon which to sustain the preliminary objections of individual defendant Ludwig inasmuch as we are presently restricted to the wording which appears in the complaint, which charges "outrageous," "reckless" acts, done "without provocation." It would seem that the facts recited therein must reasonably be construed as allegations of intentional and malicious conduct, which under present law would divest the individual defendant of his mantle of conditional immunity. While it may appear at some later time when the facts are more fully developed that defendant Ludwig's acts were such as to enti-

tle him to immunity, we cannot reach that conclusion now upon the bare facts pleaded.

Obviously, we need not concern ourselves with defendants' remaining contention that the Commonwealth Court has exclusive jurisdiction to hear this case. While that would be true if Eastern State School and Hospital were to remain as a defendant, our dismissal of the complaint as against the school removes the higher court's basis for original jurisdiction: Forney v. Harrisburg State Hospital, supra.

## ORDER

And now, February 21, 1978, defendants' preliminary objections in the nature of a demurrer are hereby sustained as to defendant Eastern State School and Hospital and the complaint is dismissed as to that defendant only. Defendants' remaining preliminary objections are overruled, with leave to file a responsive pleading within 20 days from the date hereof.