James B. Opie and Webster H. Opie, Jr. *v.* Glascow, Inc., Joseph P. Synkonis, Jr., Elmer Shemely, E. L. Woods, Upper Merion Township and Margaret Bennis. Joseph P. Synkonis, Jr., Elmer Shemely and E. L. Woods, Appellants.

Joseph P. Synkonis, Jr., Elmer Shemely and E. L. Woods, Petitioners *v.* James B. Opie and Webster H. Opie, Jr., Respondents.

Commonwealth of Pennsylvania, Rinaldo D'Antonio et al. *v.* James B. Opie and Webster H. Opie, Jr. Commonwealth of Pennsylvania, Rinaldo D'Antonio, Richard Wendish and Samuel Tate, Appellants.

Rinaldo D'Antonio, Richard Wendish and Samuel Tate, Petitioners *v.* James B. Opie and Webster H. Opie, Jr., Respondents.

Helene Santangelo, Administratrix of the Estate of Judith Santangelo *v.* Margaret Bennis et al. E. L. Woods, et al., Appellants.

Joseph P. Synkonis, Jr., et al., Petitioners *v.* Helene Santangelo, Administratrix of the Estate of Judith Santangelo, Respondent.

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*John L. Sweezy,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, for appellants-petitioners.

*Jeffrey M. Stopford,* with him *Duane, Morris & Heckscher,* and, of counsel, *Beasley, Hewson, Casey, Colleran & Stopford,* for appellees-respondents.

OPINION BY JUDGE BLATT, June 20, 1977:

Three trespass complaints have been filed in the Montgomery County Court of Common Pleas relating to an automobile accident which occurred on August 13, 1975 in Upper Merion Township between cars driven by James Opie and Margaret Bennis. Six employees[1] of the Pennsylvania Department of Transportation (PennDOT) were named as defendants in these complaints and filed preliminary objections in the court below alleging, among other objections, that jurisdiction properly lies with the Commonwealth Court pursuant to Section 401 of the Appellate Court Jurisdiction Act of 1970 (Act),[2] 17 P.S. §211.401, because they are "officers" of the Commonwealth. The lower court dismissed the preliminary objections, and the employees have now asked us to review the lower

---

[1] Joseph P. Synkonis, Jr., Elmer Shemely, E. L. Woods, Rinaldo D'Antonio, Dick Windish (also spelled Wendish), and Sam Tate.

[2] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq., which gives the Commonwealth Court original jurisdiction of: "All civil actions or proceedings against the Commonwealth or *any officer thereof,* acting in his official capacity. . . ." 17 P.S. §211.401 (Emphasis added.)

court's determination on the question of jurisdiction.[3] It should be noted that, although an order dismissing preliminary objections is interlocutory and ordinarily not appealable, Pa. R.A.P. 311 provides for an appeal as of right when authorized by statute, and an appeal from a ruling on the question of jurisdiction is authorized by the Act of March 5, 1925, P.L. 23, *as amended*, 12 P.S. §672. *Northvue Water Co., Inc. v. Municipal Water & Sewer Authority*, 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972).

This Court's jurisdiction is dependent here upon whether or not the six PennDOT employees concerned are "officers" of the Commonwealth, a term which is regrettably not defined in the Act. In an increasing number of cases, we have been asked to determine whether or not named individuals perform duties which would justify their being classified as "officers" for jurisdictional purposes, and we have frequently done so at the pleading stage in the proceedings at which time we have had no evidence before us as to the job functions of the employees and have had to rely on the allegations in the pleadings. The result has been a confusing and to some extent also a seemingly contradictory line of cases.[4]

---

[3] Three of the six appeals concern jurisdiction, and the others are petitions for review of the lower court's refusal to include in its order a statement that controlling questions of law are determined by the order and that immediate appeal will facilitate disposition of the case. *See* Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.501; Pa. R.A.P. 1311. Because of our decision on the jurisdictional issue, this Court is unable to consider the remaining petitions for review and they will be transferred to the Superior Court.

[4] *See, e.g., Fischer v. Kassab*, 25 Pa. Commonwealth Ct. 593, 360 A.2d 809 (1976) (depositions ordered to determine if Joseph P. Synkonis is an officer); *Trulli v. City of Philadelphia*, 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976) (Joseph P. Synkonis held not to be an officer without taking depositions). In some cases,

As President Judge Bowman, writing for the Court in *Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976), explained, this Court's jurisdiction must be determined prior to any consideration of the immunity of the individual defendant and the status of the individual as an "officer" or as an "employee," for jurisdictional purposes, has to be considered, therefore, prior to any decision as to whether or not the individual concerned may be entitled to the protection of the absolute immunity doctrine. The definitions of "officer" and "employee," for jurisdictional purposes, currently used by this Court were first set out in *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 21, 336 A.2d 709, 711 (1975), where "officers" were described as "persons to whom are delegated some of the sovereign functions of government, to be exercised by them for the benefit of the public" and "employees" were described as persons who "merely exercise subordinate ministerial functions." Having now reconsidered these definitions, we believe that the term "officers," for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government. We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees who function on an essentially local or regional basis, any more than we believe that

questions of immunity have been resolved without specific reference to the preliminary question of jurisdiction. *See, e.g., Hart v. Spectrum Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974) ; *Kovach v. Toensmeier Adjustment Service, Inc.,* 14 Pa. Commonwealth Ct. 214, 321 A.2d 422 (1974).

the General Assembly intended to give this Court original jurisdiction regarding employees performing subordinate ministerial functions. In this light, therefore, we will review the lower court's determination that Joseph P. Synkonis, Jr., one of the eleven District Engineers for PennDOT, and five other engineers functioning in various capacities under his supervision, are "employees" and not "officers" of the Commonwealth.

Section 2001.3 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §511.3, provides that the Secretary of Transportation shall appoint five deputy secretaries, including the Deputy Secretary for Highway Administration, to whom are delegated powers and duties "regarding the design, construction, maintenance, and land acquisition of State designated highways." The organizational structure of PennDOT, as set forth at 4 Pa. Code §9.121, indicates that two supervisory positions are located on the table of organization between the District Engineer and the Deputy Secretary for Highway Administration, with each District Engineer reporting to a Deputy Chief Engineer who has been assigned to one of the three regions of the Commonwealth, and these Deputy Chief Engineers being supervised by a Chief Highway Engineer who reports directly to the Deputy Secretary for Highway Administration. While the Deputy Secretary for Highway Administration and the Chief Highway Engineer might be said, therefore, to perform significant state-wide policymaking functions relevant to the design, construction, and maintenance of the Commonwealth's system of public highways and that they are "officers" of the Commonwealth for purposes of our jurisdiction, although we do not so rule at this time, it seems clear to us that, even though the Deputy Chief Engineers and District Engineers may exercise some discretion in the imple-

mentation and execution of policy with regard to highway administration within their respective spheres of authority, they are not charged with the responsibility for independent initiation of administrative policy on a state-wide basis regarding the sovereign functions of designing, constructing, and maintaining highways. We must conclude, therefore, that the Deputy Chief Engineers and the District Engineers, as well as all of those engineers supervised by them, are not "officers" of the Commonwealth for jurisdictional purposes, notwithstanding any previous cases which would seem to hold to the contrary.

The lower court correctly concluded that it had jurisdiction of the three trespass complaints here and properly dismissed the preliminary objections of the PennDOT employees alleging lack of such jurisdiction. The orders of the lower court are, therefore, affirmed.

### ORDER IN 1294 C.D. 1976

AND Now, this 20th day of June, 1977, the order of the Court of Common Pleas of Montgomery County dismissing the defendants' preliminary objections on the issue of jurisdiction is hereby affirmed. The case is remanded for disposition consistent with this opinion.

### ORDER IN 1381 C.D. 1976

AND Now, this 20th day of June, 1977, having determined that the Commonwealth Court has no jurisdiction to consider the Petition for Review filed herein, this matter is transferred to the Superior Court for its determination as to whether or not it will assume jurisdiction over this appeal from the Montgomery County Court of Common Pleas pursuant to Section 302 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.302, and Pa. R.A.P. 1311.

The Chief Clerk shall certify to the Prothonotary of said court photo copies of the docket entries of the above-captioned matter and transfer to him the record thereof.

ORDER IN 119 C.D. 1977

AND Now, this 20th day of June, 1977, the order of the Court of Common Pleas of Montgomery County dismissing the defendants' preliminary objections on the issue of jurisdiction is hereby affirmed. The case is remanded for disposition consistent with this opinion.

ORDER IN 256 C.D. 1977

AND Now, this 20th day of June, 1977, having determined that the Commonwealth Court has no jurisdiction to consider the Petition for Review filed herein, this matter is transferred to the Superior Court for its determination as to whether or not it will assume jurisdiction over this appeal from the Montgomery County Court of Common Pleas pursuant to Section 302 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.302, and Pa. R.A.P. 1311.

The Chief Clerk shall certify to the Prothonotary of said court photo copies of the docket entries of the above-captioned matter and transfer to him the record thereof.

ORDER IN 386 C.D. 1977

AND Now, this 20th day of June, 1977, the order of the Court of Common Pleas of Montgomery County dismissing the defendants' preliminary objections on the issue of jurisdiction is hereby affirmed. The case is remanded for disposition consistent with this opinion.

ORDER IN 442 C.D. 1977

AND Now, this 20th day of June, 1977, having determined that the Commonwealth Court has no jurisdiction to consider the Petition for Review filed herein, this matter is transferred to the Superior Court for its determination as to whether or not it will assume jurisdiction over this appeal from the Montgomery County Court of Common Pleas pursuant to Section 302 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.302, and Pa. R.A.P. 1311.

The Chief Clerk shall certify to the Prothonotary of said court photo copies of the docket entries of the above-captioned matter and transfer to him the record thereof.