Bernard A. Fischer, Executor of the Estate of Sally Wilson, Deceased, Plaintiff *v.* Jacob G. Kassab, Secretary of Transportation et al., Defendants.

582

Argued September 14, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Barry S. Yaches*, with him *Joseph D. Shein*, and *Shein & Brookman, P.A.*, for plaintiff.

*Joseph Goldberg*, with him *Edwin L. Scherlis*, and *Frank, Margolis, Edelstein & Scherlis*, for defendants.

Opinion by President Judge Bowman, December 5, 1977:

The personal representative of Sally Wilson, deceased, has brought this wrongful death and survival

action invoking our original jurisdiction under Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, (ACJA), 17 P.S. §211.401(a)(1). It is alleged by plaintiff that those defendants who are employees of the Pennsylvania Department of Transportation (PennDOT) acted negligently, maliciously, wilfully, wantonly and with complete disregard to the safety of plaintiff's decedent in the construction, maintenance and operation of a highway and that such conduct caused the death of plaintiff's decedent. Similar averments are directed to Haverford Township and the Township Manager who are also named as defendants.

Preliminary objections filed by the PennDOT employees claim absolute immunity as "high" public officials and conditional immunity as "low" public officials.

In *Fischer v. Kassab* (I), 25 Pa. Commonwealth Ct. 593, 360 A.2d 809 (1976), the first time these proceedings came before this Court, we sustained the preliminary objections of Jacob G. Kassab, Secretary of Transportation, on the ground that he was a "high" public official entitled to absolute immunity from suit. *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973) (allocatur denied). We also ordered plaintiff to take depositions of the remaining PennDOT employees with regard to their job functions so as to enable us to make an informed judgment regarding their claims to immunity.

Before ruling on the outstanding preliminary objections, however, we must examine our jurisdiction, for without such jurisdiction we may not rule on the preliminary objections. *Opie v. Glascow, Inc.*, 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977).

Section 401(a)(1) of the ACJA vests in this Court exclusive original jurisdiction over "[a]ll civil actions

or proceedings against the Commonwealth or any officer thereof, acting in his official capacity. . . ." Nowhere in the ACJA, however, is the term "officer" defined, *Opie v. Glascow, Inc., supra,* and numerous decisions by this Court and our Supreme Court have not set forth a clear and workable definition of officer for purposes of determining this Court's jurisdiction when it assertedly rests upon an alleged officer of the Commonwealth being named as a party defendant. *See e.g. Jonnet v. Bodick,* 431 Pa. 59, 244 A.2d 751 (1968); *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A.2d 100 (1958); *DuBree v. Commonwealth, supra; Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976); *Trulli v. City of Philadelphia,* 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976); *Walter v. Commonwealth,* 23 Pa. Commonwealth Ct. 97, 350 A.2d 440 (1976).

We believe, however, that such a definition is found in our opinion in *Opie v. Glascow, Inc., supra* at 559, 375 A.2d at 398, in which Judge BLATT said:

'[O]fficers,' for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government. We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees who function on an essentially local or regional basis, any more than we believe that the General Assembly intended to give this Court original jurisdiction regarding employees performing subordinate ministerial functions.

The question to be asked, therefore, is whether the defendant in question is charged with responsibility to independently initiate administrative policy on a state-wide basis with regard to a sovereign function of the Commonwealth. If the answer is no, this Court is without jurisdiction. If the answer is yes, we must then rule upon the issue of immunity.

It is settled, under present decisional law, that "high" public officials acting within the scope of their authority have absolute immunity while so-called "low" public officials enjoy immunity conditioned not only upon their acting within the scope of their authority but also upon their actions not being intentional, malicious, wanton or reckless. *Trulli v. City of Philadelphia, supra; Walter v. Commonwealth, supra.*

We decide today that "officer" as used in Section 401(a)(1) and as defined in *Opie v. Glascow, Inc., supra,* encompasses "high" public officials for purposes of determining absolute immunity so that an individual who is an officer over whom we have jurisdiction is necessarily entitled to absolute immunity. The converse, however, is not necessarily true and an individual may be a high public official entitled to absolute immunity but not be an officer of the Commonwealth if his policymaking authority is not state-wide. *See Jonnet v. Bodick, supra; Wicks v. Milzoco Builders, Inc.,* 25 Pa. Commonwealth Ct. 340, 360 A.2d 250 (1976) (allocatur granted). Cases to the contrary are overruled. *E.g. Dougherty v. Kassab,* No. 278 C.D. 1976, filed December 30, 1976 (per curiam order).

In this light we turn to the question of over which, if any, of the remaining PennDOT employees this Court has jurisdiction and, ipso facto, which PennDOT employees are entitled to absolute immunity.

David C. Simms is identified as the Deputy Secretary for Highway Administration. He participates

directly in the formulation of PennDOT policy and, according to PennDOT's position guide is "[r]esponsible for department-wide highway design, construction, maintenance . . ." etc. He also "[p]articipates in formulating overall Department objectives and policies and in establishing the short and long-range improvements for the State Highway system." While this is by no means the limit of Mr. Simms' responsibilities, it does represent the direct participation in state-wide policy formulation we deem necessary to qualify a person as an officer of the Commonwealth for jurisdictional purposes under Section 401(a)(1) of the ACJA. Therefore, we enjoy jurisdiction over Mr. Simms and being a high public official he is absolutely immune from suit.

Defendants Philip W. Amos and Harold Poulson are identified as the current and former Deputy Chief Engineers for the eastern half of the Commonwealth respectively. As such, while they have or had substantial responsibility for the operation and maintenance of the highway system within their geographical area, including policymaking functions, their responsibility is and was limited to said area and not statewide. Lacking state-wide authority, they are not officers of the Commonwealth and, while they may be high public officials entitled to absolute immunity, we shall not rule on that point. *Wicks v. Milzoco Builders, Inc., supra.*

As all the remaining PennDOT defendants are subordinate to those mentioned above and all lack statewide policymaking authority, they cannot be officers of the Commonwealth and, again, while they may be high public officials absolutely immune from suit, we shall not rule on their preliminary objections.

There being no remaining officer of the Commonwealth over whom this Court has jurisdiction, and there being no independent basis for jurisdiction over

Haverford Township and its Manager, we must transfer these proceedings to the appropriate Court of Common Pleas. *Freach v. Commonwealth,* 471 Pa. 558, 370 A.2d 1163 (1977).[1]

ORDER

Now, December 5, 1977, it is hereby ordered as follows:

1. The preliminary objections of David C. Simms are hereby sustained and as to him plaintiff's complaint is dismissed.

2. As to the remaining defendants, these proceedings are hereby transferred to the Court of Common Pleas of Montgomery County for disposition on the merits including the outstanding preliminary objections. Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.503(b).

---

[1] We must reject defendants' contention that the Supreme Court held in *Freach* that this Court enjoyed jurisdiction over defendants clearly not vested with state-wide policymaking authority such as an Assistant District Attorney of Delaware County who is not even an employee of the Commonwealth.

One defendant in *Freach* is John J. Burke, Superintendent of the Parole Division of the Board of Probation and Parole, clearly an officer of the Commonwealth as we have defined it. The Supreme Court, having formulated a concept of ancillary jurisdiction whereby this Court will retain jurisdiction over multiple defendants if any one of them is an officer of the Commonwealth, it did not have to, and we believe did not declare all defendants in *Freach* officers of the Commonwealth.

Wherever the line may ultimately be drawn as to who is and who is not an officer of the Commonwealth we do not believe it was the intent of the Legislature in creating this Court pursuant to Pa. Const. art. V, §4 by the Commonwealth Court Act of 1970, Act of January 6, 1970, P.L. (1969) 434, *as amended,* 17 P.S. §211.1 et seq. to assign to it the burden of conducting innumerable trials, by jury and otherwise, involving minor government employees when no officer of the Commonwealth is a party to the litigation.

3. The Chief Clerk shall transmit to the Prothonotary of said Court the record of the above proceedings in its entirety together with a copy of this Order.