Thomas F. Wallace, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Public Welfare, et al., Defendants.

Argued October 31, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*David L. Gropp,* for plaintiff.

*Paul R. Marks,* with him *Egler & Reinstadtler; Robert S. Englesberg,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, December 8, 1977:

Thomas F. Wallace started suit in trespass in the Court of Common Pleas of Allegheny County seeking damages for injuries sustained in a fall from a second-story window at the Dixmont State Hospital where he was a patient. Wallace sued the Commonwealth of Pennsylvania, Department of Public Welfare; Helene Wohlgemuth, Secretary of Public Welfare; the Commissioner of Mental Health for the Commonwealth of Pennsylvania; the Superintendent of Dixmont State Hospital; and the trustees of the same institution. The Allegheny County Court of Common Pleas transferred the case to this Court pursuant to Pa. R.C.P. No. 213(f), on the ground that exclusive jurisdiction was in the Commonwealth Court by virtue of Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211. 401.

The Commonwealth, Department of Public Welfare, has filed preliminary objections in the nature of a demurrer asserting the suit against it is barred by the

sovereign immunity granted the Commonwealth by Article I, Section 11 of the Pennsylvania Constitution. These preliminary objections must be sustained. It has been consistently held that the Commonwealth and its agencies enjoy absolute immunity absent legislative assent to such suits. *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973).

The Secretary of Public Welfare, Commissioner of Mental Health, the Superintendent and the trustees of Dixmont State Hospital have also filed preliminary objections in the nature of demurrers, claiming, *inter alia,* that they are high public officials entitled to absolute immunity from suits arising out of performance of their duties. Before ruling on the preliminary objections of these defendants, we must examine our jurisdiction. In *Fischer v. Kassab,* 32 Pa. Commonwealth Ct. 581, A.2d (1977), President Judge Bowman thoroughly and definitively treated the matter of our original jurisdiction with respect to actions or proceedings against officers of the Commonwealth as that term is used in Section 401(a)(1) of the Appellate Court Jurisdiction Act and concluded that:

> The question to be asked, therefore, is whether the defendant in question is charged with responsibility to independently initiate administrative policy on a state-wide basis with regard to a sovereign function of the Commonwealth. If the answer is no, this Court is without jurisdiction. If the answer is yes, we must then rule upon the issue of immunity.

*Fischer v. Kassab, supra* at , A.2d at .

*Fischer v. Kassab, supra,* did not disturb the settled decisional law that high public officials acting within the scope of their authority are entitled to absolute immunity while non-high public officials enjoy conditional immunity for acts of ordinary negligence committed while they were acting within the scope

of their authority. *Fischer* did, however, hold that this Court's jurisdiction under Section 401(a)(1) is limited to cases in which the defendant officers are persons having state-wide authority.

Turning to the officers sued here, we observe first that Helene Wohlgemuth, Secretary of Public Welfare, and the Commissioner of Mental Health are officers of the Commonwealth charged with administration of policy on a state-wide basis. We therefore have jurisdiction of the suits against these defendants. We hold that they are high public officials who are absolutely immune from this suit. *See McCoy v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973), *aff'd per curiam,* 457 Pa. 513, 326 A.2d 396 (1974).

Although the Superintendent and trustees of Dixmont State Hospital may well be held to be high public officials entitled to absolute immunity, we lack jurisdiction to decide this question because they do not have state-wide policymaking authority and are not therefore "officers" within the meaning of Section 401 (a)(1) of the Appellate Court Jurisdiction Act. We must transfer the proceedings against these defendants to the Court of Common Pleas of Allegheny County.

ORDER

AND Now, this 8th day of December, 1977, it is hereby ordered as follows:

1. The preliminary objections of the Commonwealth of Pennsylvania, Department of Public Welfare, Helene Wohlgemuth, Secretary of Public Welfare for the Commonwealth of Pennsylvania, and the Commissioner of Mental Health for the Commonwealth of Pennsylvania are hereby sustained and as to them, the plaintiff's complaint is dismissed.

2. As to the Superintendent and trustees of Dixmont State Hospital, these proceedings are hereby

transferred to the Court of Common Pleas of Allegheny County for disposition on the merits including the outstanding preliminary objections. Section 503 (b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b).

3. The Chief Clerk shall transmit to the Prothonotary of said Court the record of the above proceedings in its entirety together with a copy of this Order.