Helen M. Witt, Receiver of Pioneer Finance Company et al., Plaintiff *v.* Commonwealth of Pennsylvania, Department of Banking, Carl K. Dellmuth et al., Defendants.

Argued January 31, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Michael L. Snyder,* with him *Paul H. Titus, Frances O. Tennant,* and *Kaufman & Harris,* for plaintiff.

*John L. Sweezy,* Assistant Attorney General, with him *John E. Nanorta,* Assistant Attorney General, *Bonnie J. McRobbie,* Assistant Attorney General, *Robert P. Kane,* Attorney General, *Robert P. Reed,* and *Metzger, Wickersham, Knauss & Erb,* for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, June 12, 1978:

Helen M. Witt (plaintiff), by our Order of June 28, 1974, in *Commonwealth ex rel. Pennsylvania Securities Commission v. Pioneer Finance Company,* docketed to No. 757 C.D. 1974, was appointed receiver of "all the assets of Pioneer Finance Company, Bellevue Finance Company and Bellevue Consumer Discount Company." By a prior Order in the same proceedings, Pioneer, Bellevue and affiliated companies were placed into receivership upon petition of the Pennsylvania Securities Commission.

This action, addressed to our original jurisdiction under Section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401, is for damages for alleged misfeasance on the part of defendants which is said to have contributed to the financial collapse of Pioneer, Bellevue et al. and their liabilities to note holders in an amount exceeding $900,000.

Named as defendants are the Department of Banking; Carl K. Dellmuth and G. Allen Patterson, former Secretaries of Banking; John B. Toppin, Executive Deputy Assistant Director of the Department of Banking; Robert J. Sarsfield, Director and former Assistant Director of the Consumer Credit Bureau of the Department of Banking; James Robb, former Director of the Consumer Credit Bureau of the Department of Banking; Raymond Bowersox, Assistant Di-

rector of the Consumer Credit Bureau; F. A. George, Examination Supervisor of the Consumer Credit Bureau; and Charles Cook, an examiner in the Department of Banking.

To the petition for review, defendants have filed sundry preliminary objections and motions, first, in the nature of a demurrer raising the defenses of sovereign immunity with respect to the Department of Banking, and absolute and conditional immunity for "high" and "low" public officials respectively with regard to the remaining defendants; second, alleging defective service of process; third, a motion to strike; and, fourth, a motion for a more specific pleading.

We must first examine our jurisdiction over these proceedings for in its absence we may not rule on these preliminary objections or motions. *Opie v. Glascow, Inc.,* 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977) (allocatur denied).

Section 401(a)(1) of the ACJA, vests in this Court exclusive jurisdiction over "[a]ll civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity. . . ."[1] While the term "officer" is not defined in the ACJA, *Fischer v. Kassab,* 32 Pa. Commonwealth Ct. 581, 380 A.2d 926 (1977), in *Opie, supra* at 559-60, 375 A.2d at 398, we said:

'[O]fficers,' for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government.

---

[1] Each individual defendant is being sued in "his official capacity as an officer, employee, and agent of the Department of Banking for acts done within the scope of employment." Plaintiff's "Complaint in Trespass," paragraph 10.

We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees who function on an essentially local or regional basis, any more than we believe that the General Assembly intended to give this Court original jurisdiction regarding employees performing subordinate ministerial functions.

Subsequently, in *Fischer v. Kassab, supra* at 585, 380 A.2d at 928, we said:

The question to be asked, therefore, is whether the defendant in question is charged with responsibility to independently initiate administrative policy on a state-wide basis with regard to a sovereign function of the Commonwealth. If the answer is no, this Court is without jurisdiction. If the answer is yes, we must then rule upon the issue of immunity.

The Department of Banking, as an administrative department in the executive branch of state government, is within our original jurisdiction under Section 401(a)(1) of the ACJA. As such, it is entitled to the protection of sovereign immunity, *Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481 (1975); *Lerro v. Department of Transportation*, 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977); *Walter v. Commonwealth*, 23 Pa. Commonwealth Ct. 97, 350 A.2d 440 (1976).

Defendants, Carl K. Dellmuth and G. Allen Patterson, are former Secretaries of Banking (*see supra* note 1). As cabinet level officers of the executive branch of government, they were clearly officers of the Commonwealth as that term is defined in *Opie,*

*supra,* and, therefore, entitled to the absolute immunity afforded "high" public officials. *Trulli v. City of Philadelphia,* 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976).

With regard to the remaining defendants, we are unable, at this time, for lack of information regarding the duties and responsibilities of their offices, to determine whether they are "officers" of the Commonwealth over whom we enjoy jurisdiction. We shall, therefore, invoke our power under Pa.R.C.P. No. 1028 (c), and Pa.R.A.P. 106, and direct the taking by plaintiff of such depositions as are necessary to enable us to rule upon our jurisdiction over said defendants.[2] *Fischer v. Kassab,* 25 Pa. Commonwealth Ct. 593, 360 A.2d 809 (1976).

ORDER

Now, June 12, 1978, it is hereby ordered as follows:

1. The preliminary objections of the Department of Banking, Carl K. Dellmuth and G. Allen Patterson, raising the defenses of sovereign and absolute immunity, are sustained and as to said defendants this action is hereby dismissed.

2. Plaintiff is hereby directed to take such depositions as are necessary for the determination of whether the remaining defendants are or are not officers of the Commonwealth and, upon completion of such depositions, to request a relisting for argument of the outstanding preliminary objections.

---

[2] While it is, in our view, clear that we would lack jurisdiction over defendant Cook were he the only defendant, we shall reserve action as to him as jurisdiction over one defendant will confer upon us jurisdiction over all, *Freach v. Commonwealth,* 471 Pa. 558, 370 A.2d 1163 (1977).