391 A.2d 1313

**Joseph F. KULIK, Appellant,**

**v.**

**Robert E. STOTELMYER.**

Supreme Court of Pennsylvania.

Reargued Jan. 18, 1978.

Decided Oct. 5, 1978.

58

Joshua D. Lock, Harrisburg, for appellant.

Kathleen Herzog Larkin, David Max Baer, Deputy Attys. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Joseph Kulik brought a defamation action against appellee Robert Stotelmyer. At the time of the alleged defamation, appellant was Director of Cadre Devel-

opment at the Central Correctional Academy at Camp Hill, Pa., an institution operated by the Bureau of Corrections of the Commonwealth. Appellee was a subordinate of appellant, Assistant Director of Cadre Development at the same institution.

Appellant initiated suit in the Court of Common Pleas of Dauphin County, which, at the request of appellee, transferred the suit to the Commonwealth Court. The Commonwealth Court raised the question of its jurisdiction, and heard argument on that issue and on the question of official immunity which appellee had raised in his answer. The court held that it had original jurisdiction over the case because, under section 401 of the Appellate Court Jurisdiction Act,[1] appellee was an "officer" of the Commonwealth. It also held that appellee was a "high public official" entitled to absolute immunity from suit for acts performed in the scope of his authority. It therefore dismissed the complaint and appellant appealed.[2]

Appellant argues both that appellee is not an "officer" of the Commonwealth, so that the Commonwealth Court does not have original jurisdiction of this case, and that appellee is not entitled to absolute immunity from suit for his alleged defamation. We reach only the first question.

An officer of the Commonwealth for the purposes of section 401 of the Appellate Court Jurisdiction Act is a Commonwealth employee whose duties principally involve the statewide formulation or administration of policy. *Wallace v. Commonwealth, Dep't of Public Welfare*, 32 Pa. Cmwlth. 615, 380 A.2d 930 (1977) (Secretary of Public Welfare and State Commissioner of Mental Health are "officers;" superintendent and trustees of a state hospital are not); *Opie v. Glascow, Inc.*, 30 Pa.Cmwlth. 555, 375 A.2d 396 (1977) (although Deputy Chief Engineers and District Engineers of PennDOT have discretion in carrying out their

1. Act of July 31, 1970, P.L. 673, art. IV, § 401, 17 P.S. § 211.401 (Supp.1978).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, supra, § 203, 17 P.S. § 211.203.

duties, they are not "officers" because they have no responsibility for overall formulation and administration of policy). Such a rule avoids overburdening the Commonwealth Court with suits concerning the actions of every state employee and allows local courts to dispose of cases concerning officials of basically local jurisdiction. Id.

■ We conclude that appellee is not an "officer" under this definition. Like the superintendent and trustees of the state hospital in *Wallace*, and unlike the Commissioner of Mental Health, he was responsible for the operation of a single state institution rather than a statewide system. Further, even within his own sphere, he was in a subordinate position. His job was to implement the policies designed and administered by the Director of Cadre Development and others in the state correctional system. Thus, his position resembles those of the Deputy Chief Engineers and District Engineers in *Opie*.

■ Because appellee is not an "officer," original jurisdiction of this case properly lies in the Court of Common Pleas of Dauphin County,[3] and not in the Commonwealth Court.

Order reversed and case remanded to the Commonwealth Court, with instructions to transfer the case to the Court of Common Pleas of Dauphin County.

**3.** We do not reach the question whether appellee may be held liable for his alleged defamation.