392 A.2d 298

Robert D. RHINES, Administrator of the Estate of Beverly L. Rhines, Deceased, Appellant,

v.

Frank B. HERZEL, Jr., M. D., James C. Powell and Harrisburg State Hospital, Appellees.

Robert D. RHINES, Administrator of the Estate of Beverly L. Rhines, Deceased, Appellant,

v.

Dr. Renato SALVA, Dr. Aurelio Moscoso, et al., Appellees.

Supreme Court of Pennsylvania.

Reargued Jan. 18, 1978.

Decided Oct. 5, 1978.

Richard C. Angino, Hurwitz, Klein, Benjamin & Angino, Harrisburg, John J. O'Brien, Jr., Elizabeth M. McKenna, O'Brien & O'Brien Associates, Philadelphia, for appellants.

Christian S. Erb, Jr., Jerd L. Hock, Harrisburg, for appellees.

Edwin L. Scherlis, Frederic E. Black, Philadelphia, for appellees, A. S. Tornay and Daniel Blain.

Glenn F. Gilman, Joseph W. McGuire, Harrisburg, for appellee, Philadelphia State Hospital.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is a wrongful death and survival action brought by the administrator of the estate of Beverly L. Rhines, deceased. The complaint alleged that the deceased, a patient at Harrisburg State Hospital, was killed by another patient, Henry Miller. Decedent's death, according to the facts alleged by plaintiff-appellant, was due to the failure of hospital personnel to provide for adequate supervision of Miller, a patient with known homicidal tendencies. Joined

as defendants in the cause of action were the superintendent of Harrisburg State Hospital, various staff psychiatrists, sundry hospital personnel, and the Commonwealth's Department of Public Welfare and Harrisburg State Hospital. The Court of Common Pleas of Dauphin County sustained appellees' preliminary objections and dismissed the complaint seriatim as to the various defendants, basing its decision on sovereign immunity, absolute immunity and conditional immunity.[1] The Superior Court affirmed. For the reasons that follow, we reverse the Orders dismissing the complaint and remand the case for proceedings consistent herewith.

The dismissal of individual defendants by the court below in accordance with the court's application of the refinements of the absolute and conditional immunity doctrines in Pennsylvania law must be reversed because of the mandate of Section 603 of the Mental Health and Mental Retardation Act of 1966[2] defining the scope of liability for both officials and employees acting pursuant to its terms. *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977). The facts alleged in the complaint that individual defendants allowed a patient with homicidal tendencies, who required maximum security control, to associate with patients

1. The Department of Public Welfare and the Harrisburg State Hospital filed preliminary objections based upon the doctrine of sovereign immunity from suit, which objections were sustained on January 27, 1975. No appeal was taken from this order, and it is not involved in the present petition. But see, *Mayle v. Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), abolishing the doctrine of sovereign immunity.

2. Act of October 20, 1966, Special Session No. 3, P.L. 96, § 603, 50 P.S. § 4603 (1967).
   [§ 4603 *Immunities*
   "No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or any thing done pursuant to the provisions of this act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; *provided, however, that causes of action based upon gross negligence or incompetence shall not be affected by* the immunities granted by this section." (emphasis added).]

who required no such supervision; that because of the lack of such supervision patient Miller was able to kill patient Rhines and conceal her body on the hospital grounds for several weeks thereafter are ones from which gross negligence could be inferred. These facts may also prove relevant to liability for conduct by officials or employees which is lacking in good faith or is false, corrupt, malicious or without reasonable cause, standards which were enunciated in § 603, *Freach v. Commonwealth*, supra, at 568, 370 A.2d at 1168.[3]

We therefore hold that the orders sustaining preliminary objections on behalf of individual named appellees on the basis of official or conditional immunity must be reversed and the complaint reinstated.

■ In view of the fact that we have concluded that the preliminary objections of the named individual defendants including the superintendent of Harrisburg State Hospital and various staff psychiatrists should not have been sustained, we must address the question of the appropriate forum for the further consideration of this case. Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970[4] vests the Commonwealth Court with exclusive original jurisdiction of actions or proceedings against "the Commonwealth *or any officer thereof, acting in his official* capacity . . . ." (emphasis added)

In *Opie v. Glascow, Inc.*, 30 Pa.Cmwlth. 555, 375 A.2d 396 (1977), a case in which six employees of the Pennsylvania Department of Transportation were named as defendants in three trespass complaints arising out of an automobile acci-

---

**3.** This Court's reaffirmation of the contours of official liability imposed by Section 603 of the Mental Health and Mental Retardation Act in *Heifitz v. Philadelphia State Hosp.*, —— Pa. ——, 393 A.2d 1160 (1978), obviates any need for further discussion of official liability for tort in Pennsylvania.

**4.** Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, Art. IV, § 401, 17 P.S. § 211.401(a)(1) (Supp.1978–79).

dent, the named defendants included one of the eleven District Engineers for the Department of Transportation and five other engineers functioning in various capacities under his supervision. *Id.*, 30 Pa.Cmwlth. at 560, 375 A.2d at 398. All of the defendants were held to be employees and not "officers" of the Commonwealth. *Id.* The defendants filed preliminary objections alleging, *inter alia*, that jurisdiction properly was with the Commonwealth Court and not with the Court of Common Pleas of Montgomery County. It was determined that

> The term "officers," for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government. We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees who function on an essentially local or regional basis, any more than we believe that the General Assembly intended to give this Court original jurisdiction regarding employees performing subordinate ministerial functions.

*Id.*, 30 Pa.Cmwlth. at 559–60, 375 A.2d at 398.

*Opie* was expressly followed in *Fischer v. Kassab*, 32 Pa.Cmwlth. 581, 584–85, 380 A.2d 926, 928 (1977) which was expressly followed in *Wallace v. Dept. of Public Welfare*, 32 Pa.Cmwlth. 615, 380 A.2d 930 (1977). In *Wallace, Fischer, supra*, was interpreted to "hold that [Commonwealth] Court's jurisdiction under Section 401(a)(1) is limited to cases in which the defendant officers are persons having state-wide authority." 32 Pa.Cmwlth. at 618, 380 A.2d at 931. The Commonwealth Court then made the following distinction of determinative significance to the present appeal:

> Turning to the officers sued here, we observe first that . . . [the] Secretary of Public Welfare . . . and

the Commissioner of Mental Health are officers of the Commonwealth charged with administration of policy on a state-wide basis. We therefore have jurisdiction of the suits against these defendants. . . .

Although the Superintendent and trustees of [the] State Hospital may well be held to be high public officials . . we lack jurisdiction to decide this question because they do not have state-wide policymaking authority and are not therefore "officers" within the meaning of Section 401(a)(1) of the Appellate Court Jurisdiction Act.

*Id.*

Thus, the present suit against the Superintendent of Harrisburg State Hospital, various staff psychiatrists, and sundry hospital personnel is indistinguishable from *Wallace, supra,* concerning the appropriate forum for this action. We find that jurisdiction lies with the Court of Common Pleas of Dauphin County and not with Commonwealth Court.[5] Therefore, the Order of the Superior Court affirming the Order of the Common Pleas Court of Dauphin County, which court sustained the preliminary objections of the superintendent of the hospital and other named individual defendants is reversed and the case is remanded to the Court of Common Pleas of Dauphin County for further proceedings consistent with this opinion.

5. It is undeniable that our final disposition here is at odds with that part of the holding in *Freach v. Commonwealth*, 471 Pa. 558, 569–70, 370 A.2d 1163, 1169 (1977), wherein we held that the superintendent of Farview State Hospital, the Superintendent of the parole division of the Board of Probation and Parole, the District Attorney of Delaware County, and the assistant district attorney of Delaware County were "officers" of the Commonwealth so as to confer jurisdiction under Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, (Act of July 31, 1970, P.L. 673, No. 223, Art. IV, § 401(a)(1), 17 P.S. § 211.401(a)(1) (Supp.1976)), upon the Commonwealth Court. It must be remembered that *Freach* was decided prior to the abrogation of sovereign immunity, which abrogation will certainly act to burden the already-crowded docket of that court. Furthermore, since *Freach*, it has become clear that the preferable forum for these actions against lesser officials and employees of the Commonwealth is their local courts of common pleas, and not the Commonwealth Court.