595 A.2d 164

**Paulette WILLETT, Administratrix of the Estate of Richard Lee Willett, Deceased, and Paulette Willett in Her Own Right, Appellants,**

**v.**

**EVERGREEN HOMES, INC., and Michael T. Maloy Individually & tdba Evergreen Homes, Inc., Denise Brogham, Individually and as an Employee of Evergreen Homes, Inc. and James Duncan, Individually and as an Employee of Evergreen Homes, Inc. and Janet Davis, Individually and as an Employee of Evergreen Homes, Inc. and Paul Treacy, Individually**

and as an Employee of Evergreen Homes, Inc. Armstrong/Indiana Mental Health and Mental Retardation Program, and John D. Hickey, Individually and as Director of the Armstrong/Indiana Mental Health/Mental Retardation Program and Dana Heggenstaller, Individually and as an Employee of Armstrong/Indiana Mental Health/Mental Retardation Program, Appellees.

Superior Court of Pennsylvania.

Argued April 10, 1991.

Filed July 31, 1991.

Petition for Allowance of Appeal Denied Dec. 16, 1991.

Richard S. Levine, Pittsburgh, for appellants.

Robert E. Pryde, Kittaning, for Armstrong/Indiana, appellees.

Before WIEAND, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order denying Appellant-plaintiff's Motion to Amend her Complaint and granting partial Summary Judgment in favor of defendants, Family Counseling Center of Armstrong County and two of its employees. Appellant filed her wrongful death and survival action against the Counseling Center, its employees and a number of other parties following her son's death as a result of drowning in the bathtub of residential facility for

mentally retarded individuals where he was residing. In granting Appellees' motion for summary judgment, the court concluded that the Family Counseling Center, which is a non-profit health and welfare organization, and two of its counselors were immune from suit under Section 603 of the Mental Health and Mental Retardation Act of 1966, 50 P.S. § 4603. Because of this ruling the trial court found Appellant's request to amend her complaint to include a claim for punitive damages to be moot. On appeal Appellant asks us to review these two conclusions.

■ Key to our decision in this case is the applicability of the immunity provisions of 50 P.S. § 4603 to the Family Counseling Center and its two employees. The statute provides:

### § 4603 Immunities

No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or anything done pursuant to this Act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; provided, however, the causes of action based upon gross negligence or incompetence shall not be affected by the immunities granted by this section.

Appellant in her Brief makes two arguments in support of her position that Appellees are not afforded immunity under the provisions of this statute. She first contends that Appellees' duties toward her son not only consisted of opinions, reports or diagnoses, for which the statute affords immunity, but Appellees also were officially responsible for her son's "care and treatment", conduct for which the statute cannot be construed to provide immunity. Appellant also seeks to have us conclude that her complaint asserts facts sufficient for a claim of gross negligence, conduct which the statute specifically exempts from immunity.

In her first argument, Appellant cites to a decision announced in *Saunders v. Latrobe Area Hospital, Inc.*, 14 Pa.D. & C. 3d 458 (1980). Therein the plaintiffs filed an action against an individual doctor and a hospital, where plaintiff-wife was receiving inpatient treatment. The case involved the alleged negligent and grossly negligent administration of various tranquilizing drugs to plaintiff-wife, which resulted in cardiac and respiratory arrest causing severe brain damage. In construing the application of Section 603 of the Mental Health and Retardation Act of 1966 to the facts of the case, it was stated, in part:

It is defendants' position that section 603 provides immunity for every facet and phase of admission, day-to-day care and treatment, and discharge of one who is mentally ill or disabled and that liability for any such actions would attach only in cases of gross negligence or incompetence. While we do agree that such is the case as it relates to admissions and discharges, we do not believe that immunity is provided for the negligent day-to-day care and treatment of one who is mentally disabled or ill after he or she has been voluntarily or involuntarily admitted to a treatment facility....

Section 603 of the Mental Health and Mental Retardation Act of 1966 speaks in terms of 'any diagnosis, opinion, report or any thing done pursuant to the provisions of this act....' A diagnosis, opinion or report is something utilized in the decision to admit or commit for treatment or to discharge a mentally disabled or ill individual. Though it may be argued that a diagnosis, opinion or report is essential to formulate a plan for care and treatment of an individual, the legislature could have included the terms 'care,' 'treatment' or words having a similar import. This it did not do. Nor do we believe that the term 'or anything done pursuant to the provisions of this act' can be construed to provided immunity for the alleged negligent treatment or care rendered to a mentally disabled or ill individual.

14 Pa.D. & C. 3d at 463–464.

Adopting the reasoning in *Saunders*, the trial court in this case ruled that other named defendants in the underlying action, specifically Evergreen Homes, Inc., which operated the residence where Appellant's son lived, and a number of its employees were not entitled to summary judgment because immunity was not applicable to them where their alleged negligence occurred as part of the day-to-day care and treatment of Appellant's decedent. Although this ruling is not the subject of this appeal, Appellant suggests that the trial court erred in not adopting the same rationale to the Appellees. Appellant asserts that both Appellees and Evergreen Homes were responsible for her son's care and treatment and that the trial court "grossly trivialize[d] the significant official and profession responsibilities of [Appellees] as professional 'case managers.'" She maintains that foremost among Appellees professional responsibility as case manager was to ensure that Evergreen was an appropriate placement where her son would be carefully supervised during his bathing activities.

We find it unnecessary to adopt or reject the rationale utilized in the *Saunders* decision since it is clear from the record and pleadings before us that Appellees were not responsible for the day-to-day care of Appellant's son. As stated in her Brief and in her Complaint, Appellees were responsible for her son's transfer from another facility and his placement in the Evergreen Homes facility. Although Appellant may question Appellees' wisdom and/or motivation in arranging this transfer and may allege that the recommendation of placement in the new facility was done without proper evaluation, these allegations each concern Appellees ultimate "opinion" on her son's placement. In *Saunders* it was even noted that a "diagnosis, opinion or report is something utilized in the decision to admit or commit for treatment or to discharge a mentally disabled or ill individual." *Id.* The allegations made against defendants, the Family Counseling Center and two of its employees relate only to what can be characterized as a "diagnosis, opinion or report" addressing the proper facility for place-

ment of Appellant's son. These actions of this organization and its employees are clearly subject to the immunity provisions of Section 603.

Appellant further alleges that even if Appellees conduct is not excused from immunity on the basis that it involved the day-to-day treatment of her son, immunity should not attach since she has alleged that Appellees acted in a grossly negligent manner. We cannot accept this argument. The allegations made against employee Dana Heggenstaller included claims that she was responsible for instituting the transfer of Appellant's son to the new residence, that she persuaded Appellant to approve the transfer, she ignored reports of his adjustment to the facility where he was residing and she failed to properly evaluate the program content, quality of supervision and personnel prior to recommending his placement in the new facility. With respect to defendant-employee Betty Beale, Appellant alleged that she caused Appellant to rely on her expertise and, without a proper investigation, informed Appellant that Evergreen Homes, Inc. was experienced in dealing with epileptic residents. It was also alleged that Ms. Beale ignored the advice of personnel at the facility where Appellant's son was residing concerning the inadvisability of a transfer and that she based her decision to approve the transfer on the advice of co-workers rather than her own findings. These allegations do not form a basis for a complaint of "gross negligence" and/or "incompetency" which would limit Appellees' immunity.

In *Rhines v. Herzel*, 481 Pa. 165, 392 A.2d 298 (1978) a wrongful death and survival action was brought against individual hospital personnel, staff psychiatrists, the superintendent of the hospital, Harrisburg State Hospital and the Department of Public Welfare. It was alleged that the defendants' failure to provide adequate supervision of a patient with known homicidal tendencies resulted in the death of plaintiff's decedent. The trial court's dismissal of the individual defendants on the basis of immunity was reversed by the supreme court which found that the plain-

tiff alleged facts which placed these defendant's outside of the immunity protection of Section 603. The court stated:

> The facts alleged in the complaint that individual defendants allowed a patient with homicidal tendencies, who required maximum security control, to associate with patients who required no such supervision; that because of the lack of such supervision patient Miller was able to kill patient Rhines and conceal her body on the hospital grounds for several weeks thereafter are ones from which gross negligence could be inferred. These facts may also prove relevant to liability for conduct by official or employees which is lacking in good faith or is false, corrupt, malicious or without reasonable cause, standards which were enunciated in § 603.

481 Pa. at 167–168, 392 A.2d at 300.

In *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977), it was also held that a complaint set forth allegations of gross negligence or incompetence to which immunity was inapplicable. In *Freach* two teenage boys were allegedly murdered by a William Wright who was released from custody of Farview State Hospital and thereafter obtained a position of authority as a special policeman with the City of Scranton and the Northeast Vector Association. In examining the allegations of the plaintiff's complaint, the court remarked:

> The complaint ... avers that the defendant Shovlin, among others at Farview, failed properly to treat William Wright and unlawfully terminated supervision and released him from confinement; that the release of Wright was improperly approved by agents of the parole division; and that Wright's release was in part due to a failure on the part of the defendants McEwen and Hughes to inform the officials at Farview of a court order requiring Wright's commitment. We are satisfied that the complaint, despite its patent prolixity, makes allegations of gross negligence or incompetence as to the defendants Shovel, Burke, McEwen, and Hughes in the performance

of acts pursuant to the Mental Health and Mental Retardation Act of 1966.

471 Pa. at 569, 370 A.2d at 1168–1169.

In keeping with the holdings of the *Rhines* and *Freach* decisions, the trial court found that other defendants, Evergreen Homes, Inc. and its employees, were not protected by the immunity offered in Section 603, not only because the alleged negligent conduct concerned the day-to-day treatment and care of Appellant's son, but also because a factfinder could infer gross negligence from the facts alleged against these defendants. The court found that Evergreen Homes, Inc. and its employees were aware of the decedent's history of seizures, knew the importance of monitoring his bathing activities, and yet left the decedent unattended resulting in his death. Appellant again likens the allegations made against these defendant's to the allegations made against Appellees and argues that the trial court erred in failing to find that she alleged sufficient facts to support a possible claim against Appellees for grossly negligent conduct. However, unlike the claims she raised against Evergreen Homes, and its employees and unlike the Complaints in *Rhines* and *Freach*, Appellant's complaint in this case cannot be said to include allegations of gross negligence against the Family Counseling Center and its employees. Appellant's allegations with regard to these defendants concern their approval of a transfer which was allegedly made without obtaining a sufficient evaluation of the program and against the advice of others. This action or inaction by Appellees can not be characterized as "gross negligence", which is "simply a greater degree of negligence." *Henry v. First Federal Savings and Loan Association*, 313 Pa.Super. 128, 459 A.2d 772 (1983).

█ Appellant submits that her proposed amendments to her Complaint would "amplify" and "specifically detail the original causes of action" while also adding a clause seeking punitive damages. These allegations, however, maintain that Appellees acted with "reckless indifference" to the life of Appellant's son and made active "misrepresentations"

concerning the program content of Evergreen Homes to Appellant and the staff of the facility where he was staying prior to his transfer. Such allegations differ greatly from those contained in her Complaint which do no more than allege ordinary negligence. We do not agree that these amendments will act merely as an amplification of the claims Appellant has already made against Appellees, for which we have judged them to be immune. Rather, Appellant is seeking to allege facts which would take Appellees outside of the protection. of Section 603 and which would add another measure of damages.

While the trial court did not examine the contents of the proposed amendments because it found the motion to be moot in light of its conclusions regarding immunity, we conclude that Appellant's Motion to Amend, which was filed approximately three years after the death of her son, cannot be permitted since it is barred by the two year statute of limitations. 42 Pa.C.S.A. § 5524. Although amendments to pleadings are freely allowed, an amendment may not introduce a new cause of action after the statute of limitations has run because such may cause prejudice to an adverse party. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981); *Junk v. East End Fire Department*, 262 Pa.Super. 473, 396 A.2d 1269 (1978). "A new cause of action does arise ... if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed." *Daley v. John Wanamaker*, 317 Pa.Super. 348, 464 A.2d 355, 361 (1983) *citing Junk v. East End Fire Department, supra.* Appellant here is clearly seeking to allege something other than "ordinary negligence" in her proposed amendments and is basing this theory of recovery on facts which will place Appellees outside of the protection of Section 603. This cannot be done since the operative statute of limitations has expired.

Because we conclude that the trial court correctly determined that Appellees are entitled to the immunities of

Section 603, we affirm the order granting them Summary Judgment.

Affirmed.