IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Wright, III,            :
                Petitioner    :
                               :
          v.               : No.  405 M.D. 2019
                               : Submitted:  December 2, 2022
Judge Elizabeth Doyle,        :
Judge Hiram A. Carpenter, III,    :
              Respondents  :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM
                                      FILED:  March 7, 2023

William L. Wright, III (Wright) filed a pro se petition for review (Petition) in our original jurisdiction alleging two judges of the Court of Common Pleas of Blair County violated his constitutional rights by failing to enforce an order of the Pennsylvania Supreme Court.  The judges filed preliminary objections in the nature of a demurrer. After review, we sustain the preliminary objections and dismiss Wright's Petition.

**I. Background and Procedural History**

Wright's claims arise from his criminal conviction and subsequent post-conviction proceedings in his capital case.  The full facts and procedural history are set forth in the Pennsylvania Supreme Court (Supreme Court) opinion *Commonwealth v. Wright,* 78 A.3d 1070 (Pa. 2013).   In that case, the Commonwealth appealed an order of the Court of Common Pleas of Blair County

(trial court) finding Wright incompetent to waive his state post-conviction rights, including his right to counsel. The Supreme Court affirmed.

Relying on the above opinion, Wright filed his Petition, titling it an Amended Complaint. He asserts the Petition is a "civil rights action" for violations of his constitutional rights to due process and equal protection, and against cruel and unusual punishment. Petition at 1. He names as defendants two judges of the trial court, Judge Elizabeth Doyle (Judge Doyle) and Judge Hiram A. Carpenter, III (Judge Carpenter) (individually, Judge and collectively, the Judges). Wright states the Judges are "sued" individually and in her or his official capacity. *Id*. ¶ 8. Wright alleges the Supreme Court remanded the case to the trial court to determine whether the Federal Community Defender Office (FCDO) could participate as counsel in the role of putative next friends, and if the trial court found such participation unauthorized, to preclude it.[1] *Id*. ¶ 14. Wright contends neither Judge "held a hearing or made a ruling as the Pennsylvania Supreme Court has ordered."[2] *Id*. ¶ 15. Wright seeks a declaration that the Judges' acts and omissions violated his constitutional rights. *Id*. ¶ 25. He also seeks compensatory and punitive damages ($250,000 and $125,000, respectively) from each Judge. *Id*. ¶¶ 26-27.

Wright filed an Application for Appointment of Counsel. This Court denied the motion, stating Wright "is not entitled to appointed counsel in this civil action, in which he seeks damages for alleged violations of his civil rights in the handling of a PCRA[3] motion." Order, May 9, 2022.

---

[1] The United States Court of Appeals for the Third Circuit addressed FCDO participation in *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Association of Philadelphia,* 790 F.3d 457 (3d Cir. 2015).

[2] We acknowledge the Supreme Court order contains contingencies that did not occur, namely, the putative next friends did not assert they had standing to litigate on Wright's behalf, and, therefore, the trial court never addressed the issue on remand.

[3] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.

The Judges filed preliminary objections (POs) in the nature of a demurrer. They argued this Court should sustain their POs, asserting:

> Petitioner cannot collaterally attack his criminal sentence and proceedings, this Court does not have jurisdiction to enforce an alleged Supreme Court directive, the Petition for Review fails to state a claim for relief, judicial immunity and sovereign immunity bar the claims, and other reasons that may be set forth in Respondents' brief.

POs ¶ 10. Wright filed an Answer in response to the POs, requesting this Court deny them. In support of his request, Wright asserts the suit is for a "due process violation," the trial court "does have jurisdiction to enforce a Supreme Court order," and the Judges do not have immunity for "violating a Supreme Court order." Answer to POs ¶¶ 1, 8, 9.

## II. Analysis

Initially, we must establish this Court has jurisdiction to address the matter. This Court has original, exclusive jurisdiction over civil actions or proceedings "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1)(i). For jurisdictional purposes, a common pleas court judge, "when sued in his official capacity, is either the 'commonwealth government' or [an] officer thereof." *Brown v. Taylor,* 494 A.2d 29, 31 (Pa. Cmwlth. 1985). Therefore, in the case of Wright's civil action against two officers of the Commonwealth, we have original, exclusive jurisdiction to address the Petition.

Having established jurisdiction, we address the POs in the nature of a demurrer. To sustain a demurrer, "[i]t must be clear the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party." *Chasan v. Platt,*

244 A.3d 73, 80 (Pa. Cmwlth. 2020) (citing *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018)).

The Judges raised judicial immunity as an affirmative defense in their POs.[4] This Court recognizes judicial immunity is not only immunity from damages, but also from suit. *Chasan,* 244 A.3d at 82. As it would serve as a bar to Wright's civil action, we address the affirmative defense of judicial immunity first.

A judge of the common pleas court is necessarily entitled to absolute immunity. *See Fischer v. Kassab,* 380 A.2d 926 (Pa. 1977). Judges are immune from liability for damages when performing judicial acts, even if they err or perform an act with malice, provided they do not lack jurisdiction. *Chasan,* 244 A.3d at 81. Thus, "[j]udicial immunity requires a two-part analysis: first, whether the judge has performed a judicial act; and second, whether the judge has some jurisdiction over the subject matter before [him]." *Id.* (citing *Langella v. Cercone,* 34 A.3d 835, 838 (Pa. Super. 2011) (alteration in original)).

The first part of the judicial immunity analysis is whether the Judges performed a judicial act. When evaluating whether an act is a judicial one, we consider "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the

---

[4] "Technically, the Pennsylvania Rules of Civil Procedure prohibit a defendant from raising the affirmative defense of immunity through preliminary objections." *Chasan,* 244 A.3d at 80. Presently, Wright responded to the merits of the Judges' POs. He did not object that the Judges did not raise judicial immunity as a new matter. *See* Pa.R.Civ.P. 1028, 1030. Moreover, courts in the Commonwealth generally permit a party to raise immunity as a defense by preliminary objection when delaying a ruling thereon serves no purpose, or when the defense is clear on the face of the complaint. *Chasan,* 244 A.3d at 80.

4

judge in his judicial capacity." *Petition of Dwyer,* 406 A.2d 1355, 1361 (Pa. 1979) (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)).

Interpreting an opinion and order from a higher court, and deciding what actions to take as a result, are functions normally performed by a judge and are, therefore, judicial acts. There is no indication or allegation Wright dealt with the Judges in anything other than their official capacity. Accordingly, the first prong of the judicial immunity analysis is satisfied.

The second part of the judicial immunity analysis is whether the Judges had subject matter jurisdiction. The Judicial Code[5] sets forth the subject matter jurisdiction of the courts of common pleas. The Judicial Code states: "Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings." 42 Pa.C.S. § 931(a). Judge Carpenter presided over Wright's criminal trial and issued the sentencing order in the case, and Judge Doyle was the President Judge of the trial court. There is no lack of jurisdiction in this case, and the second prong of the judicial immunity analysis is satisfied.

As this PO is determinative, we need not address the others.

---

[5]Judicial Code, 42 Pa.C.S. §§ 101-9913.

### III. Conclusion

Based on the above, we conclude the Judges are entitled to the affirmative defense of judicial immunity.  Accordingly, the Judges' POs in the nature of a demurrer are sustained, and Wright's Petition is dismissed with prejudice.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Wright, III,           :
                    Petitioner     :
                                 :
              v.               : No.  405 M.D. 2019
                                 :
Judge Elizabeth Doyle,        :
Judge Hiram A. Carpenter, III,   :
                  Respondents   :

**PER CURIAM**                    **O R D E R**

         **AND NOW**, this 7th day of March 2023, the preliminary objections in the nature of a demurrer filed by Judge Elizabeth Doyle and Judge Hiram A. Carpenter, III, are **SUSTAINED**, and the Petition filed by William L Wright, III, is **DISMISSED WITH PREJUDICE**.