## Albright v. Abington Memorial Hospital

*Mark Semisch,* for plaintiff.

*Donald Ladd,* for defendant Abington Memorial Hospital.

*John R. Warner,* for defendant Montgomery County.

LAWRENCE, *J.,* April 26, 1993 — This is John W. Albright's appeal of the court's order of February 17, 1993 granting summary judgment to one of two named defendants. The background facts of the case are as follows:

John W. Albright, as executor of the estate of Elizabeth Jean Albright and individually in his own right, commenced a wrongful death and survival action against Abington Memorial Hospital and Montgomery County Emergency Service on or about November 3, 1989, for their failure to compel his mentally ill wife's attendance at outpatient treatment, which purportedly resulted in her death. Mrs. Albright had been committed by court order to defendant's facility for treatment due to her mental condition. Thereafter she was instructed by way of court order to continue outpatient treatment at Abington Hospital for a 90-day period. She attended the first two required treatment sessions but did not attend her third appointment and, on December 23, 1988, allegedly died as a result of a fire she started in her bedroom at home.

Plaintiff initially attempted to plead gross, willful and wanton misconduct on the part of defendant. As a result of defendant's preliminary objections to plaintiff's claim for punitive damages, all references to "reckless," "wanton," "willful," "gross" or "outrageous" conduct were stricken by order of June 6, 1990. Plaintiff filed an amended complaint, to which defendant filed preliminary objections, which the court granted in part on December

3, 1990. As a result of this court's orders of June 1990 and December 3, 1990, plaintiff was left with a complaint in simple negligence.

Defendant filed an answer which contained new matter. In its answer, it specifically denied all averments of negligence and other misconduct contained in the complaint. In its new matter, it set forth that it is immune from suit in this case in that it qualifies for the partial immunity conferred upon a facility by section 114 of the Mental Health Procedures Act, 50 P.S. §7114.

Defendant subsequently filed the instant summary judgment motion on the ground that defendant was immune from suit as a matter of law under the act. It argues that when this court struck the allegations of "reckless," "wanton," "willful" and "grossly negligent" behavior, it effectively left plaintiff only with allegations which were within the immunity provided to the defendant under the act. This court granted summary judgment, and plaintiff now appeals.

## DISCUSSION

A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. Under this standard, summary judgment was properly granted.

The immunity provisions of the act, 50 P.S. §7114(a), provide:

"In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined

or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care of leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or otherwise authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences."

Although plaintiff disputes defendant's status as a facility as defined in section 7103 of the act, the court properly took judicial notice of the fact that defendant is a "mental health establishment, hospital, clinic, institution, center, day care center, base service unit, community health center, or part thereof, that provides for the diagnosis, treatment, care or rehabilitation of mentally ill persons, whether as outpatients or inpatients." 50 P.S. §7103. As a community mental health center, defendant is entitled to partial immunity conferred by section 7114. *Farago v. Sacred Heart General Hospital,* 522 Pa. 410, 562 A.2d 300 (1989).

Turning to plaintiff's first allegation of error, he asserts that the determination of whether an act or failure to act constitutes gross negligence is always for the jury.[1] This is not accurate. It is an issue that may be removed from consideration by a jury and decided as a matter of law where the case is entirely free from doubt and there is no possibility that a reasonable jury could find gross negligence. *Bloom v. DuBois Regional Medical Center,* 409 Pa. Super. 83, 597 A.2d 671 (1991). It is important to note that notwithstanding that the court struck the "buzz words," i.e., "gross negligence" from the com-

---

1. Plaintiff does not argue that defendant's conduct was willful. Thus, defendant is immune from suit unless its conduct was grossly negligent.

plaint in ruling on the preliminary objections, the motion for summary judgment was properly granted because the facts as pled in the complaint were incapable of giving rise to an inference of gross negligence.[2]

The distinction between ordinary negligence and gross negligence was recently discussed:

"[W]e are still without clear guidance as to what the legislature might have intended by its use of the term 'gross negligence' in the Mental Health Procedures Act. Nowhere is the phrase defined either in the act itself or in the generally applicable definitions in our statutory law. It appears that the legislature intended to require that liability be premised on facts indicating more egregiously deviant conduct than ordinary carelessness, inadvertence, laxity or indifference. We hold that the legislature intended the term gross negligence to mean a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be *flagrant, grossly deviating from the ordinary standard of care.*" *Bloom, supra,* at 98-99, 597 A.2d at 679. (emphasis added)

A review of recent case law supports the position that a genuine issue of material fact which would tend to prove the existence of gross negligence has not been raised in this case. In *Willett v. Evergreen Homes Inc.,* 407 Pa. Super. 141, 595 A.2d 164 (1991), *alloc. denied,* 600 A.2d 539 (1991), the court was called upon to decide whether appellees/defendants, a family counseling center and two of its employees, were exempt from the immunity that attached under section 4603 of the act, applicable

2. The court recognizes that disposition of the motion for summary judgment does not hinge on the presence or absence of "buzz words."

to non-profit organizations, in a suit against them for the drowning death in the bathtub of a residential facility for mentally retarded individuals where the plaintiff's decedent was residing.[3] Appellant/plaintiff contended that because the conduct of the appellees rose to the level of gross negligence, they were not immune and the trial court erred in granting summary judgment as to them. In evaluating the allegations made against the appellees/employees, the court stated:

"The allegations made against employee Dana Heggenstaller included claims that she was responsible for instituting the transfer of appellant's son to the new residence, that she persuaded appellant to approve the transfer, she ignored reports of his adjustment to the facility where he was residing and she failed to properly evaluate the program content, quality of supervision and personnel prior to recommending his placement in the new facility. With respect to defendant-employee Betty Beale, appellant alleged that she caused appellant to rely on her expertise and, without a proper investigation informed appellant that Evergreen Homes Inc. was experienced in dealing with epileptic residents. It was also alleged that Ms. Beale ignored the advice of personnel at the facility where appellant's son was residing concerning the inadvisability of a transfer and that she based her decision to approve the transfer on the advice of co-workers rather than her own finding." *Willett, supra* at 147, 595 A.2d at 167.

The court held that these allegations did not form the basis for a complaint of gross negligence which would

---

3. Section 4603 contains a general immunity provision applicable to non-profit health care organizations who are instrumental in rendering a diagnosis or opinion. Similar to section 7144 of the act, this immunity does not extend to grossly negligent conduct.

limit appellees' immunity, as they concerned appellees' approval of a transfer which was allegedly made without obtaining a sufficient evaluation of the program and against the advice of others. In contrast, the court believed that a fact-finder could infer gross negligence from the facts alleged against the other defendant, Evergreen Home Inc., namely, that it was aware of the decedent's history of seizures, knew the importance of monitoring his bathing activities, and yet left the decedent unattended resulting in his death.

In *Bloom v. DuBois Regional Medical Center, supra,* the court found that the complaint could be construed to plead facts sufficient to give rise to a finding of gross negligence. There it was alleged that the defendants, who held themselves out as competent to provide psychiatric treatment to one in the position of the plaintiff, completely failed to diagnose her mental condition and treat her in a manner that would protect her from serious harm. It was further averred that upon admission the defendants were informed of plaintiff's mental disorder and nevertheless failed to take adequate precautions to assure her safety which, it was alleged, resulted in plaintiff's failed suicide attempt in her hospital room.

Additionally, in *Rhines v. Herzel,* 481 Pa. 165, 392 A.2d 298 (1978), the Supreme Court reversed the trial court's dismissal of individual defendants (hospital personnel, staff psychiatrists and the superintendent of the hospital) in a wrongful death and survival action, and stated:

"The facts alleged in the complaint that individual defendants allowed a patient with homicidal tendencies, who required maximum security control, to associate with patients who required no such supervision; that because of the lack of such supervision patient Miller was able

to kill patient Rhines and conceal her body on the hospital grounds for several weeks thereafter are ones from which gross negligence could be inferred." *Id.* at 167-68, 392 A.2d at 300.

The amended complaint in the instant case does not admit of a claim for gross negligence. The averments here are that Mrs. Albright was evaluated at defendant's facility and determined to be in need of treatment. She was court-ordered to undergo involuntary treatment on an outpatient basis at Abington Hospital for a 90-day period starting September 28, 1988. She attended her October and November appointments but failed to attend her December appointment. On December 21, 1988, plaintiff contacted Abington Hospital, who referred him to defendant. On December 22, 1988, plaintiff called defendant's facility, who ultimately told plaintiff that it could not help him and that he should seek assistance from Abington Hospital. Abington Hospital allegedly never took any action and Mrs. Albright lost her life in the fire.

Under the facts as alleged, the only connection defendant had with Mrs. Albright was that she had been previously committed there for evaluation. It is not alleged that she was harmed as a result of an improper evaluation. The sole basis for the claim against defendant is that it failed to secure Mrs. Albright's attendance at her December appointment at Abington Hospital. It is not alleged, however, that defendant had any particular knowledge that Mrs. Albright had become a danger to herself. Moreover, she was committed for outpatient treatment to Abington Hospital, not defendant's facility. If there was any duty to ensure that Mrs. Albright attended her outpatient therapy at Abington Hospital in accordance with the court order, it was Abington Hospital's, not defendant's. Even if defendant had breached a duty owed

to Mrs. Albright, under the facts alleged, this breach amounts to no more than negligence.[4]

Unlike the claims raised against Evergreen Homes in *Willett* and unlike the complaints in *Rhines* and *Bloom,* plaintiff's amended complaint cannot be said to include allegations that would rise to the level of the required gross negligence against defendant, Montgomery County Emergency Service. Accordingly, the amended complaint was properly dismissed as to this party, and plaintiff's appeal should be dismissed.

---

4. To the extent that the claim raised in plaintiff's affidavit (that Dr. Nell at defendant's facility assumed a duty to "handle" any situation that subsequently arose as to Mrs. Albright) sufficiently raises a claim for gross negligence against defendant, we believe such claim to be barred by the statute of limitations.